JAMES G. PACKER and RUTH M. PACKER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Packer v. Commissioner
Docket No. 18339-84.
United States Tax Court
T.C. Memo 1986-532; 1986 Tax Ct. Memo LEXIS 77; 52 T.C.M. (CCH) 960; T.C.M. (RIA) 86532; October 29, 1986. *77 James G. Packer and Ruth M. Packer, pro se. Barton J. Uze, for the respondent. SCOTT MEMORANDUM OPINION SCOTT, Judge: This case is before the Court on respondent's Motion for Summary Judgment filed August 20, 1986. Respondent's motion was served on petitioners on August 25, 1986, with an Order entered August 22, 1986, allowing them to September 17, 1986, to respond. The certified letter was returned as unclaimed. The Order was then mailed to petitioners by regular mail on September 19, 1986. Petitioners have not responded to respondent's motion. The record in this case shows that on June 11, 1984, a document was received by the Court from James G. Packer attaching a copy of a notice of deficiency mailed to him and Ruth M. Packer by respondent. This document was filed as a Petition by James G. Packer and Ruth M. Packer. The notice of deficiency attached to the document shows that respondent determined deficiencies in petitioners' income tax for the years 1980 and 1981 in the amounts of $10,825.06 and $7,220.24, respectively, and additions to tax under section 6653(b) [1] in the respective amounts of $5,412.53 and $3,610.12 *78 On June 20, 1984, this Court entered an Order referring to the document filed by petitioners and directing that on or before August 20, 1984, a proper amended petition be filed and the filing fee be paid. On September 27, 1984, no amended petition having been received and no filing fee having been paid, the Court entered an Order dismissing this case insofar as it pertained to those issues upon which petitioners had the burden of proof and giving respondent 60 days from the date of the service of the Order within which to file an answer with respect to those issues upon which he had the burden of proof. On November 14, 1984, respondent filed an answer alleging various facts in support of his determination that a part or all of the underpayment of tax required to be shown on petitioners' income tax returns for the taxable years 1980 and 1981 was due to fraud. No reply was filed by petitioners to respondent's answer. The record further shows that on July 1, 1985, respondent filed with the Court a copy of his first request for admissions which had been served on petitioners at the address given on the document filed as a petition. The record further shows that petitioners filed *79 no response to respondent's request for admissions. Attached to respondent's Motion for Summary Judgment is a declaration under penalties of perjury by respondent's trial attorney stating (1) that he had received custody of the administrative file, (2) that the facts set forth in the request for admissions were all contained in the administrative file, and (3) that petitioners did not and have not admitted, denied or objected to the request for admissions in accordance with the Rules of Practice and Procedure of this Court. The declaration also stated that attached thereto was a copy of the notice of deficiency. The copy of the notice of deficiency attached to the declaration is identical to the notice attached to the document filed by petitioners on June 11, 1984. The facts set forth in respondent's request for admissions are deemed to be admitted because of petitioners' failure to reply thereto. , affd. . See Rule 90(c). We will therefore find the facts from the declaration of respondent's attorney and the deemed admissions. Petitioners resided in Fairfax, Virginia, at the *80 time of the filing of their petition in this case. At the time the Federal income tax returns of petitioners were due to be filed for the taxable years 1980 and 1981, petitioners were intelligent persons who were familiar with the filing requirements and reporting requirements of the Internal Revenue Code. At all times relevant to the years at issue in this case, petitioners had experience with filing Federal income tax returns and were aware of the requirement to report all income received during the year. During the taxable years 1980 and 1981, petitioners maintained a personal checking account in the Fairfax National Bank of Fairfax, Virginia, and made unexplained bank deposits into that account during those years in the amounts of $32,004 and $16,465, respectively. The total amount of these deposits for 1980 and 1981 were amounts which were not reported on petitioners' Federal income tax returns for 1980 and 1981. In 1981, James G. Packer received a salary of $5,984 from Metropolitan Life Insurance which he failed to report as income on the joint income tax return filed by petitioners for the taxable year 1981. Part or all of the monies which were deposited in the Fairfax *81 National Bank during 1980 and 1981 by petitioners were received by them as part of their involvement in a fraudulent scheme involving the promotion and sale of bogus receipts for false statements purportedly representing alleged contributions to the Universal Life Church. During 1981, petitioners also attempted to claim deductions to the Universal Life Church for contributions which in fact were never made and which petitioners knew were now donative or otherwise consistent with the concept of charitable giving. At the time of the filing of their tax return for 1981, petitioners knew that each transaction with the Universal Life Church was not donative but was illusory in its form. Petitioners fraudulently and with intent to evade tax omitted from their income tax returns for the taxable years 1980 and 1981 the amounts of $32,004 and $22,449, respectively. Petitioners fraudulently and with intent to evade tax understated their income tax liabilities on their 1980 and 1981 returns in the amounts of $10,825.06 and $7,220.24, respectively. Petitioners fraudulently and with intent to evade tax made false and misleading statements to respondent's agents during the examination of petitioners' *82 income tax returns for the taxable years 1980 and 1981. For the taxable year 1980, petitioners fraudulently and with intent to evade tax failed to report a State tax refund in the amount of $323. For the taxable year 1981, petitioners fraudulently and with intent to evade tax failed to report a State tax refund in the amount of $267. Petitioners failed to maintain records of their income-producing activities and refused to cooperate with respondent during examination of petitioners' returns for the taxable years 1980 and 1981. Petitioners have failed to cooperate with respondent or respond to respondent's request to obtain information. Petitioners only reported income in the amounts of $8,935 and $10,287, respectively, on their returns for the years 1980 and 1981 with the knowledge that such amounts were much less than their taxable income for each of those years, and therefore their taxable income for each of the years was understated. There is no issue as to the deficiencies in this case. That issue was determined by the dismissal of the case insofar as it related to issues on which petitioners have the burden of proof. We therefore find the deficiencies as set forth in *83 the notice of deficiency. The only issue in this case is whether respondent has sustained his burden of showing that some part of the underpayment of tax in each year was due to fraud. Rule 121 allows a party to move for summary judgment with respect to any of the legal issues in controversy so long as there is no genuine issue of material fact necessary for the determination by the Court of the legal issue. Rule 121(b) provides for summary adjudication where the pleadings, answers to interrogatories, depositions, admissions and any other acceptable material show that there is no genuine issue as to any material fact. It is incumbent on the party making the motion to show that there is no genuine issue of material fact. . We have recited the facts in this case established by the admissions of petitioners. We conclude that the facts shown by these admissions establish that there is no material issue of fact in this case. The burden is on respondent to establish by clear and convincing evidence that some part of the underpayment in tax is due to fraud with intent to evade tax. . *84 However, the necessary facts may be established other than by oral testimony. We held in , that respondent's burden of proof with respect to fraud could be satisfied through the undenied allegations deemed admitted under Rule 37(c). In , we held that admissions deemed to be admitted under Rule 90(c) carry the same force and effect of those deemed to be admitted under Rule 37(c), and that our reasoning in Doncaster v. Commissioner is applicable to the determination of fraud where the facts establishing the fraud are deemed to be admitted under Rule 90(c). The facts here show that petitioners knowingly omitted income, that petitioners attempted to conceal records from respondent's agent, and that petitioners were engaged in a fraudulent scheme with respect to the sale of receipts purporting to show charitable contributions to the Universal Life Church. These facts are clear and convincing evidence that there is an underpayment of tax by petitioners and that some part of such underpayment of tax is due to fraud with intent to evade tax. The allegations *85 admitted in the instant case are quite similar to those deemed admitted in Doncaster v. Commissioner and Marshall v. Commissioner and clearly are sufficient to establish that part of the underpayment of tax in each of the years 1980 and 1981 was due to fraud on the part of petitioners with intent to evade tax. Based on this record, we grant respondent's Motion for Summary Judgment as to the additions to tax under section 6653(b). An appropriate order and decision will be entered.
Footnotes
1. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954, as amended and in effect during the years here in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩